## Miller *v.* Philadelphia & West Chester Traction Company, Appellant (No. 1).

*Negligence—Street railways—Infant—Foot wedged in track—Case for jury.*

In an action against an electric railway company to recover damages for personal injuries to a boy eleven years old, the case is for the jury as to defendant's negligence, where the evidence shows that the plaintiff caught his foot between the planking and the rail at a crossing; that one or two of his brothers came to his assistance but failed to extricate him; that at the time a car was in sight about 500 feet away, from which point the motorman could see the boy; that one of the brothers ran along the track for a distance of from fifty-one to sixty-three feet endeavoring by motions and cries to attract the attention of the motorman; that the latter without paying any attention waved the brother off the track; that he then almost immediately seemed to comprehend that the plaintiff was caught, and thereupon attempted to stop the car, but was unable to do so in time to prevent the accident.

Argued Nov. 16, 1909.    Appeal, No. 92, Oct. T., 1909, by defendants, from judgment of C. P. Delaware Co., Dec. T., 1907, No. 213, on verdict for plaintiffs in case of Charles H. Miller and Charles Horace Miller, by his next friend, Charles H. Miller, v. Philadelphia & West Chester Traction Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ.    Affirmed.

. Trespass to recover damages for personal injuries to a boy eleven years old.    Before BROOMALL, J.

. The facts are stated in the opinion of the Superior Court.

.. Verdict and judgment for Charles H. Miller for $210, and for Charles Horace Miller for $750.    Defendants appealed.

*Errors assigned* were (1) refusal of binding instructions for defendants and (2) refusal to enter judgment for defendants n. o. v.

*William I. Schaffer,* for appellants.—The motorman was in the same situation he would have been if he had suddenly turned a corner and come upon the plaintiff fast in the track. He could not be negligent, because he had no knowledge of the situation around the corner. His mind would be blank as to the danger. Until informed he could not be expected to take precaution. Until he knew he could not be guilty of an absence of care: Custer v. R. R. Co., 19 Pa. Superior Ct. 365; s. c., 206 Pa. 529; Fink v. Traction Co., 224 Pa. 618.

*W. Roger Fronefield,* for appellees.—The duty of the motorman, the instant he saw the boy upon the track, or, if exercising proper care and caution, he ought to have seen him, is to stop, or, to so absolutely control his car, as to avoid the risk before him. The motorman must constantly be on the alert, see what is ahead of him and heed what he sees: Railway Co. v. Dunn, 56 Pa. 280; Railway Co. v. Schuster, 113 Pa. 412; Jones v. Traction Co., 201 Pa. 344; Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Schnur v. Traction Co., 153 Pa. 29; Evans v. Traction Co., 176 Pa. 376; Johnson v. Ry. Co., 160 Pa. 647; Reilley v. Traction Co., 176 Pa. 335; Conner v. Ry. Co., 216 Pa. 609; Lenkner v. Traction Co., 179 Pa. 486; Railroad Co. v. Morgan, 82 Pa. 134; Wilson v. Traction Co., 10 Pa. Superior Ct. 325; Hanlon v. Traction Co., 28 Pa. Superior Ct. 223; Thompson v. Traction Co., 193 Pa. 555.

OPINION BY BEAVER, J., March 3, 1910:

A father and son, by his father as next friend, brought suit against the defendant company for an injury caused the latter by one of its cars upon its roadway. There was a single suit, in which verdicts for father and son were separately rendered and judgments entered thereon. There were two appeals, but they were argued together here upon one paperbook.

The plaintiffs, in their statement of claim, alleged a negligent construction of the defendant's traction roadway, by reason of which the son, aged eleven, had his foot wedged between one of the rails and the plank adjacent to it which formed part of a road crossing from the father's house to the other side of the track. At the trial, the court below eliminated from the attention of the jury all consideration of this allegation of negligence, inasmuch as the plaintiffs had not shown that the defendant had constructed, or was liable to construct, the said crossing. The consideration of the jury was, therefore, confined solely to the other allegation of negligence, which was that the motorman in charge of the car which caused an injury to the boy, in running him down when his foot was wedged between one of the rails and an adjacent plank in such a way that he could not extricate himself, although in plain sight, failed to so control his car as to avoid an accident.

The assignments of error relate solely to the refusal of the court below to give binding instructions for the defendant at the trial and after verdict to enter judgment for the defendant, non obstante veredicto.

From the evidence, it would appear that the boy could be seen from the track of the defendant company for 500 feet. When his foot became caught between the rail and the plank, he gave an alarm which brought to his assistance one, and perhaps two, of his brothers. The attempt was made to extricate him from his dilemma, upon failure of which one of his brothers ran up the track for a distance of what is variously stated to be fifty-one and sixty-three feet, endeavoring by motions and cries, to attract the attention of the motorman, and have him stop his car. Without paying attention to these efforts, however, the motorman waived the boy off the track and almost immediately seemed to comprehend that the boy upon the track below was held there by a force which he could not control, and he thereupon turned his attention to the effort to stop the car, and it would seem from the testimony that he had done everything in his power to accomplish this result. He was unable to do it, however, and ran against

the body of the lad who was caught in the track in such a way as to force his foot forward between the rail and the plank, until it was loosened at the end of the latter.

The sole question in the case, as it was presented to the jury, was, Was the motorman negligent in failing to appreciate the predicament in which the lad was placed, so as to avoid running him down?  It seems to us, from an examination of the testimony, that this was clearly a question for the jury and that the defendant received at the hands of the court all the consideration to which it was entitled in the charge to the jury upon this subject.  The lad, who was the victim of the accident, when he was caught, had the car in sight above the Line road.  A florist's driver, who was driving toward the lad, says that he saw the boy after the motorman had blown the whistle at the Line road to make the start after a stop.  If then the car was between 500 and 600 feet, as the distance was estimated by the boy and his brother, the motorman had him in sight that entire distance.  He does not seem to have checked his speed even at the time the boy's brother motioned and called to him.  Was this care, according to the circumstances?  That was the only question involved and it was for the jury.

Nothing occurring in the course of the trial seems to call for remark and, as the defendant makes no complaint of the form of the charge of the court, it is unnecessary for us to comment upon it.

The question as to the negligence of the defendant was clearly defined by the court and the measure of damages carefully guarded in the charge, which cast the burden of sustaining both questions by positive and adequate testimony upon the plaintiffs.

The verdict in favor of the father seems to have been confined almost exclusively to the compensation shown by the testimony to be due the surgeons and for other slight expenses, including medicine, and clothing destroyed.  The amount would seem to be reasonable and should not be interfered with upon that account.

Judgment affirmed.